UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JULIUS R. NASSO                                    CASE NO. 12 – CIV – 0231

            Plaintiff,                              **COMPLAINT**

      -against-

STEVEN SEAGAL and STEAMROLLER
PRODUCTIONS, INC.

            Defendants.
-------------------------------------------------------------X

      JULIUS R. NASSO by his undersigned attorneys, Hantman & Associates, for his

complaint, alleges as follows:

### INTRODUCTION

1.  This case arises out of Defendants breach of a December 21, 2007 Settlement Agreement
    and Release ("Agreement") between Julius R. Nasso ("Nasso"), and Steven Seagal
    ("Seagal") and Steamroller Productions, Inc. ("Steamroller") (collectively referred to as
    "Defendants") which provided for payments totaling $500,000 from defendants to Nasso[1]
    over a five (5) year period.

2.  As per the Agreement, a payment in the amount of $50,000 was to be made by
    Defendants to Nasso by June 21, 2011. This payment was not made and remains due and
    outstanding, exclusive of interest and legal fees.

3.  As per the Agreement, a payment in the amount of $50,000 was to be made by
    Defendants to Nasso by December 21, 2011.  This payment was not made and remains
    due and outstanding, exclusive of interest and legal fees, and specifically does not include

---

[1] In addition to a letter from Mr. Seagal requesting a pardon for Mr. Nasso.

those payments required to be made in the future which, if not paid in a timely manner, will be the subject of future lawsuits.

## BACKGROUND

4. Nasso commenced a lawsuit against Defendants on March 21, 2002 in the Supreme Court of New York, County of Richmond, Index No. 010940/02 and filed an amended complaint on October 26, 2002.

5. By Notice of Removal, dated January 27, 2003, the State Court Action was removed to the United States District Court for the Eastern District of New York, Case No. 03-Civ.-442 (CPS)(RML).

6. Subsequently, on August 30, 2007, Segal and Steamroller, Inc., filed a lawsuit against Nasso in the Supreme Court of New York, County Richmond, Index No. 103381/07.

7. By Notice of Removal, dated September 27, 2007, the State Court Action was removed to the United States District Court for the Eastern District of New York, Case No. 07-Civ.-4055(DLI)(CLP).

8. Nasso and Defendants, in order to settle all litigation between them, agreed to and entered into the December 21, 2007 Agreement, which has since been breached on multiple occasions by Defendants and has therefore given rise to this action.

9. Nasso commenced a lawsuit against Defendants on March 16, 2010 in the United States District Court for the Southern District of New York, Case No. 10-Civ-2277 as a result of Defendants' breach of the Agreement, which litigation was subsequently settled between the parties.

## PARTIES

10. Plaintiff Nasso is an individual who resides in the State of New York.

2

11. Upon information and belief, Defendant Seagal is an individual who is a resident of the State of California.

12. Upon information and belief, Defendant Steamroller is a California company and is owned and controlled in its entirety by Seagal.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332, because it is a civil action between citizens of different States, where the matter in controversy exceeds the value of $75,000, exclusive of interest and costs.

14. Venue is proper in this District in accordance with the venue selection clause contained in the underlying Agreement.

## FIRST CLAIM
## BREACH OF SETTLEMENT AGREEMENT
## (AGAINST ALL DEFENDANTS

15. Plaintiff repeats and realleges the allegations set forth in paragraph 1 through 14 above as if set forth fully herein.

16. The terms of the Agreement called for Nasso and Defendants to terminate all existing agreements between them and to cooperate with each other and to forever settle all disputes and claims among them, including the release and dismissal of all claims.

17. Paragraph 2 of the Agreement states that defendant Steamroller agrees to pay Nasso a sum certain as a settlement payment in installments in accordance with the a payment schedule which has been listed in part below:

    g. Within forty-two (42) months from the Execution Date (i.e., by June 21, 2011), Steamroller shall pay to the order of Nasso the sum of Fifty Thousand Dollars ($50,000).

h.   Within 4 years from the Execution Date (i.e., December 21, 2011), Steamroller shall pay to the order of Nasso the sum of Fifty Thousand Dollars ($50,000).

18. In accordance with paragraph 3 of the Agreement, Nasso shall cause all corporations and other entities containing the names of Seagal and Nasso together, including Seagal-Nasso Productions, Inc., Seagal-Nasso Distribution LLC, and Seagal-Nasso Films, Inc., to be dissolved.

19. Paragraph 2 and 3 of the Agreement were subsequently amended in part as of February 3, 2009 in accordance with Amendment No. 2 to Settlement Agreement and Releases ("Amendment 2") (a true and accurate copy of which is attached hereto as **Exhibit A**), which was prepared by the law firm of McDermott Will & Emery, LLP, attorneys for Defendants along with, upon information and belief, Chadbourne & Park who also represented Defendants.

20. The Amendment was signed and returned by Nasso as was requested and all obligations of Nasso were satisfied.

21. Additionally, Amendment 2 amended Nasso's obligations under paragraph 3 of the Agreement, thereby causing Defendants to assume Nasso's obligation under paragraph 3 of the Agreement with respect to the dissolution of Seagal-Nasso Films, Inc., a California corporation, as Nasso had nothing to do with this entity and had no control over its dissolution, as any information relating to this entity was known only to Seagal and, upon information and belief, his business advisor Robert Harabedian, who both reside in California (**Exhibit A**).

22. As of the date of the filing of this complaint, Defendants have breached the Agreement and are in default under the terms of the Agreement, as Defendants have failed to make

two $50,000 payments to Nasso in accordance with the terms of paragraph 2(g) and (h) of the Agreement and Amendment 2, which amounts to a total of $100,000 past due and owing, exclusive of interests, costs and attorney's fees.

23. Nasso is in compliance with, and has fulfilled all of his obligations in accordance with the terms of the Agreement and Amendment 2, as Nasso has caused Seagal-Nasso Productions, Inc., and Seagal-Nasso Distribution, LLC, to be dissolved, as evidenced by the individual Corporate Registration Status of the companies.  True and accurate copies of which are attached hereto as **Exhibit B**.

24. In the event of any failure by Defendants to make a timely payment as set forth in the Agreement, Nasso was required to send notice to Defendants in accordance with paragraph 17 of the Agreement and provide Defendants twenty-four (24) business days to cure same.

25. Failure by Defendants to cure any such default within twenty-four (24) business days shall result in the outstanding payment accruing interest thereon at a rate of ten percent (10%) per annum.

26. Nasso has made numerous attempts to contact Defendants and notify them of their failure to make timely payments as required under the terms of the Agreement and Amendment 2, including an August 18, 2011 letter from Hantman & Associates ("Notice of Default"). (A true and accurate copy of the Notice of Default is attached hereto as **Exhibit C**).[2]

27. Despite Nasso's good faith attempts to notify Defendants of their default and provide them with the requisite twenty-four (24) days to cure, over five (5) months has passed and Defendants have yet to cure said default.

---

[2] Subsequent e-mails regarding Defendants' continuing default were also sent to Abbe David Lowell, Esq., on August 31, 2011 and September 14, 2011, to which no response has been received. (True and accurate copies of which are attached hereto as **Exhibit D**.)

28. It should also be noted that Defendants have previously breached the Agreement by failing to make three consecutive payments under the Agreement, totaling $165,000.

29. On March 16, 2010 Nasso filed suit against Defendants in the United States District Court for the Southern District of New York, Case No. 10 CV 2277. True and accurate copies of the summons and complaint for this lawsuit are attached hereto as **Exhibit E**.

30. Although that lawsuit was eventually resolved, it was concluded only after significant legal expense.

31. Considering the prior breaches by Defendants as well as the timing of the instant lawsuit, we respectfully request that this Court order that the outstanding and remaining payments under the Agreement are now due, totaling $200,000.

32. As a result of Defendants' continuing breach of the Agreement and Amendment 2, Nasso has suffered and continues to suffer harm in the amount of $100,000), exclusive of interest, attorney's fees, costs and future required payments.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and grant the following relief against defendants jointly and severally:

    g.  On plaintiff's First Claim, one hundred thousand dollars ($100,000) in accordance with the terms of the Agreement and Amendment 2, plus interest at a rate of 10% per annum calculated from June 21, 2011 and/or the earliest date that that a payment was to be made.

    h.  All costs, fees, expenses, including reasonable attorney's fees incurred by the Plaintiff in this action pursuant to the Agreement; and

    i.  For such other relief as this court may deem just and proper.

Respectfully submitted,

**HANTMAN & ASSOCIATES**

New York, New York
Dated: January 11, 2012

By: Robert J. Hantman (RH3947)
1515 Broadway
11th Floor
New York, NY 10036
(212) 684-3933
Fax- (212) 520-4301
www.hantmanlaw.com

# EXHIBIT A

AMENDMENT NO. 2
TO
SETTLEMENT AGREEMENT AND RELEASES

AMENDMENT NO. 2 dated as of February 3, 2009 ("Amendment No. 2") to SETTLEMENT AGREEMENT AND RELEASES dated as of December 21, 2007 ("Settlement Agreement") (the Settlement Agreement, as amended hereby and by Amendment No. 1 dated as of September 22, 2008, is hereinafter referred to as the "Agreement") by and among Julius R. Nasso ("Nasso"), individually and as shareholder of Seagal-Nasso Productions, Inc., Seagal-Nasso Distribution LLC and Seagal-Nasso Films, Inc. (collectively, the "Nasso Parties"), and Steven Seagal ("Seagal") and Steamroller Productions, Inc. ("Steamroller") (collectively, the "Seagal Parties").

WITNESSETH:

WHEREAS, the parties desire to amend certain provisions of the Agreement as provided herein.

NOW, THEREFORE, the parties hereto agree as follows:

ARTICLE I

AMENDMENTS TO AGREEMENT

1.1     This Amendment No. 2 amends, restates and supersedes Amendment No. 1 referenced above.

1.2     The Nasso Parties continue to have the obligation to cause the dissolution of all three (3) of the Seagal-Nasso Entities described in Paragraph 3 of the Agreement. Without waiving any rights or remedies available to them and notwithstanding the fact that said obligation has not yet been satisfied, the Seagal Parties shall make the following payments to the Nasso Parties:  (i) the first payment pursuant to Paragraph 2 of the Agreement in the amount of $25,000; and (ii) $10,000 against the second payment of $75,000, for a total of $35,000 within ten (10) business days following the execution of this Amendment No. 2 by the Nasso Parties.

1.3     The Seagal Parties, with the cooperation of the Nasso Parties, shall assume the Nasso Parties' obligation in the Agreement to dissolve Seagal-Nasso Films, Inc., a California corporation.  In order to accomplish the dissolution, the Seagal Parties shall prepare and file applicable tax and corporate filings in order to place Seagal-Nasso Films, Inc. in a position to be reinstated and subsequently dissolved.  The Seagal Parties shall pay one hundred percent (100%) of all of the back taxes, penalties and associated accounting and attorneys' fees necessary to prepare and file such applicable tax and corporate filings.  Thereafter, the Seagal Parties shall pay one hundred percent (100%) of all of the fees and associated accounting and attorneys' fees necessary to prepare and file all applications and forms necessary to complete the dissolution of

NASSO PARTIES                SEAGAL PARTIES

Seagal-Nasso Films, Inc.  Following the dissolution of Seagal-Nasso Films, Inc., the Seagal Parties shall send to the Nasso Parties copies of all written documentation prepared and filed evidencing the completion of the dissolution of Seagal-Nasso Films, Inc.

1.4     The Nasso Parties shall send to the Seagal Parties copies of all written documentation prepared and filed evidencing the completion of the dissolutions in all applicable jurisdictions of both Seagal-Nasso Productions, Inc. and Seagal-Nasso Distribution LLC as described in Paragraph 3 of the Agreement.  Within ten (10) business days following (i) the receipt by the Seagal Parties from the Nasso Parties of such written documentation to the Seagal Parties' satisfaction, and (ii) the completion of the dissolution of Seagal-Nasso Films, Inc. in all applicable jurisdictions, the Seagal Parties will then deduct, from the second payment to be made to the Nasso Parties pursuant to Paragraph 2 of the Agreement in the amount of $75,000 (less $10,000 payable in accordance with Paragraph 1.2 hereof), fifty percent (50%) of all of the back taxes, penalties and associated accounting and attorneys' fees incurred by the Seagal Parties as specified above, and remit the difference to the Nasso Parties in full satisfaction of such second payment.

1.5     Nasso hereby grants the right and authority to any of the Seagal Parties for the sole and limited purposes of executing any and all applicable tax and corporate filings, forms, returns and applications in connection with the reinstatement and dissolution of Seagal-Nasso Films, Inc. in his name, place and stead and as his attorney-in-fact for such purposes, which power is coupled with an interest and is irrevocable.

ARTICLE II

MISCELLANEOUS

2.1  Except as amended by this Amendment No. 2, all other terms and provisions of the Agreement shall continue in full force and effect and unchanged and are hereby reconfirmed in all respects.

2.2  This Amendment No. 2 shall be governed by, and construed in accordance with, the laws of the State of New York.

2.3  This Amendment No. 2 may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.  This Amendment No. 2 may be executed by facsimile and scanned copy by e-mail, and signatures on a facsimile or scanned copy hereof shall be deemed authorized original signatures.

IN WITNESS WHEREOF, the parties have executed this Amendment No. 2 as of the day and year first above written.

Julius R. Nasso, an individual

NASSO PARTIES            SEAGAL PARTIES

2

SEAGAL-NASSO PRODUCTIONS, INC.

By: _____
Julius R. Nasso
Title: _____

SEAGAL-NASSO DISTRIBUTION LLC

By: _____
Julius R. Nasso
Title: _____

SEAGAL-NASSO FILMS, INC.

By: _____
Julius R. Nasso
Title: _____

_____
Steven Seagal, an individual

STEAMROLLER PRODUCTIONS, INC.

By: _____
Steven Seagal, President

NASSO PARTIES          SEAGAL PARTIES

3

# EXHIBIT B

# SEAGAL-NASSO DISTRIBUTION CO., LLC

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Dissolved | File Date: | 9/01/1998 |
| Type: | Domestic Limited-Liability Company | Entity Number: | LLC5006-1998 |
| Qualifying State: | NV | List of Officers Due: | 9/30/2001 |
| Managed By: | Managers | Expiration Date: | 12/31/2026 |
| NV Business ID: | NV19981050104 | Business License Exp: | |

## Registered Agent Information

| | | | |
|---|---|---|---|
| Name: | GKL RESIDENT AGENTS/FILINGS, INC. | Address 1: | 1000 EAST WILLIAM STREET STE 204 |
| Address 2: | | City: | CARSON CITY |
| State: | NV | Zip Code: | 89701 |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | NV |
| Mailing Zip Code: | | | |
| Agent Type: | Commercial Registered Agent - Corporation | | |
| Jurisdiction: | NEVADA | Status: | Active |

## Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 0 | Capital Amount: | $ 0 |

**No stock records found for this company**

## Officers                                    ☐ Include Inactive Officers

Managing Member - SEAGAL-NASSO FILMS INC, A CA CORP

| | | | |
|---|---|---|---|
| Address 1: | 3550 WILSHIRE BLVD., #840 | Address 2: | |
| City: | LOS ANGELES | State: | CA |
| Zip Code: | 90010 | Country: | |
| Status: | Active | Email: | |

## Actions\Amendments

| | | | |
|---|---|---|---|
| Action Type: | Articles of Organization | | |
| Document Number: | LLC5006-1998-001 | # of Pages: | 1 |
| File Date: | 9/01/1998 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | LLC5006-1998-004 | # of Pages: | 1 |
| File Date: | 8/30/1999 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | LLC5006-1998-002 | # of Pages: | 1 |
| File Date: | 8/07/2000 | Effective Date: | |
| List of Officers for 2000 to 2001 | | | |
| Action Type: | Dissolution | | |
| Document Number: | LLC5006-1998-003 | # of Pages: | 1 |
| File Date: | 10/29/2001 | Effective Date: | |
| (1)PG, JEP | | | |

recorded and only available by <u>viewing the</u>
<u>certificate.</u>

**\*Stock Information**

**# of Shares  Type of Stock  $ Value per Share**
200            No Par Value

\*Stock information is applicable to domestic business corporations.

**Name History**

**Filing Date  Name Type                Entity Name**
JUL 12, 1990  Actual        SEAGAL NASSO PRODUCTIONS, INC.

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New
York State. The entity must use the fictitious name when conducting its activities or business in New
York State.

NOTE: New York State does not issue organizational identification numbers.

<u>Search Results</u>                    <u>New Search</u>

<u>Services/Programs</u>  |  <u>Privacy Policy</u>  |  <u>Accessibility Policy</u>  |  <u>Disclaimer</u>  |  <u>Return to DOS</u>
<u>Homepage</u>  |  <u>Contact Us</u>  |  <u>Web Feedback</u>

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through February 26, 2010.

Selected Entity Name: SEAGAL NASSO PRODUCTIONS, INC.
Selected Entity Status Information

| | |
|---|---|
| Current Entity Name: | SEAGAL NASSO PRODUCTIONS, INC. |
| Initial DOS Filing Date: | JULY 12, 1990 |
| County: | KINGS |
| Jurisdiction: | NEW YORK |
| Entity Type: | DOMESTIC BUSINESS CORPORATION |
| Current Entity Status: | INACTIVE - Dissolution (Feb 22, 2008) |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
SEAGAL NASSO PRODUCTIONS, INC.
5824 12TH AVE
BROOKLYN, NEW YORK, 11219-4513

**Chairman or Chief Executive Officer**

JULIUS NASSO
5824 12TH AVE
BROOKLYN, NEW YORK, 11219-4513

**Principal Executive Office**

SEAGAL NASSO PRODUCTIONS, INC.
5824 12TH AVE
BROOKLYN, NEW YORK, 11219-4513

**Registered Agent**

NONE

This office does not record information regarding
the names and addresses of officers, shareholders or
directors of nonprofessional corporations except the
chief executive officer, if provided, which would be
listed above. Professional corporations must include
the name(s) and address(es) of the initial officers,
directors, and shareholders in the initial certificate
of incorporation, however this information is not

# EXHIBIT C

**HANTMAN & ASSOCIATES**
ATTORNEYS AT LAW
**1515 Broadway**
**11TH FLOOR**
NEW YORK, NEW YORK 10036
(212) 684-3933
FAX (212) 520-4301
www.Hantmanlaw.com

ZACHARY A. KOZAK
(212) 520-4302 – DIRECT DIAL
ZKozak@Hantmanlaw.com

New York & New Jersey Bars

NEW JERSEY OFFICE:
JOSEPH J. FERRARA
OF COUNSEL
111 PATTERSON AVENUE
HOBOKEN, NEW JERSEY 07030
TEL: (201) 798-5010
FAX: (201) 798-5070

## DEFAULT NOTICE- IMMEDIATE ATTENTION REQUIRED

August 18, 2011

**Via Overnight Mail**

Mr. Steven Seagal
c/o Steamroller Productions, Inc.
1438 North Gower Street
Building 70, Room 222
Hollywood, CA 90028

    **Re:**   Nasso v. Seagal

Dear Mr. Seagal:

    Please accept this letter notifying you of the fact that you are currently in default pursuant to the terms and conditions of the September 21, 2007 settlement agreement ("Agreement") between you and Julius Nasso.

    Specifically, pursuant to Paragraph 2 of the Agreement, a fifty thousand dollar ($50,000) payment was due on or before June 21, 2011. To date, this payment is still due and owing in its entirety.

    Accordingly, please remit immediate payment to our firm's attorney trust account per the attached wire instructions. Please note that if you fail to cure this default within 24 days from the date of this letter, interest will automatically begin to accrue at a rate of 10% per annum and a legal action will be commenced seeking to enforce the terms of the Agreement and recover all corresponding legal fees.

    Our client reserves all of his rights and remedies and this letter is not intended to be a fully exhaustive or detailed account of your defaults.

I thank you for your immediate attention in this matter.

Very truly yours,

**Hantman & Associates**

Zachary A. Kozak

Cc:    Abbe D. Lowell, Esq.
       Julius Nasso

2

# EXHIBIT D

## Zachary A. Kozak, Esq.

| | |
|---|---|
| **From:** | Zachary A. Kozak, Esq. |
| **Sent:** | Wednesday, August 31, 2011 3:03 PM |
| **To:** | 'Lowell, Abbe David' |
| **Cc:** | Robert J. Hantman, Esq. (rhantman@hantmanlaw.com) |
| **Subject:** | RE: Nasso v. Seagal |

Mr. Lowell,

Please see below.  Kindly advise if you will be able to once again assist in this matter or if court intervention will be necessary.

Very truly yours,

Zachary A. Kozak, Esq.

Hantman & Associates
1515 Broadway, 11th Floor
New York, New York 10036
Office: 212. 684.3933
Direct: 212. 520.4302
Fax: 212. 520.4301
Cell: 203. 246.6919
www.Hantmanlaw.com

Litigation, Entertainment, Real Estate, Fashion, Film, Music, Copyright, Trademark, Intellectual Property, Immigration, Criminal, Corporate, Matrimonial, International Law, Mergers & Acquisitions, Appeals.

**NOTICE:** *This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee.  If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited.  If you have received this message in error, please notify the sender immediately by telephone (212-684-3933) or by electronic mail (rhantman@hantmanlaw.com), and delete this message and all copies and backups thereof.  Thank you.*

**From:** Zachary A. Kozak, Esq.
**Sent:** Thursday, August 18, 2011 4:10 PM
**To:** 'Lowell, Abbe David'
**Cc:** Robert J. Hantman, Esq. (rhantman@hantmanlaw.com)
**Subject:** Nasso v. Seagal

Mr. Lowell,

Please see the attached correspondence, as Mr. Seagal is once again in default pursuant to the terms of the Settlement Agreement.  A payment in the amount of $50,000 was due on June 21, 2011.  Kindly let us know if you will be able to resolve this matter in a timely fashion, or if we will be required to go back to court.

Also, please note that another payment is due on December 21, 2011.  Accordingly, I would suggest that Mr. Seagal provide our office with a postdated check that we will hold so that we do not have to go through this again in 4 months.

I look forward to your response.

Very truly yours,

Zachary A. Kozak, Esq.

Hantman & Associates
1515 Broadway, 11th Floor
New York, New York 10036
Office: 212. 684.3933
Direct: 212. 520.4302
Fax: 212. 520.4301
Cell: 203. 246.6919
www.Hantmanlaw.com

Litigation, Entertainment, Real Estate, Fashion, Film, Music, Copyright, Trademark, Intellectual Property, Immigration, Criminal, Corporate, Matrimonial, International Law, Mergers & Acquisitions, Appeals.

**NOTICE:** *This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (212-684-3933) or by electronic mail (rhantman@hantmanlaw.com), and delete this message and all copies and backups thereof. Thank you.*

## Zachary A. Kozak, Esq.

**From:**       Zachary A. Kozak, Esq.
**Sent:**       Wednesday, September 14, 2011 11:55 AM
**To:**         'Lowell, Abbe David'
**Subject:**    RE: Nasso v. Seagal

Mr. Lowell,

Would you kindly respond to below emails as soon as possible.  If you are no longer involved in this matter I would
greatly appreciate you letting us know.

Very truly yours,

Zachary A. Kozak, Esq.

Hantman & Associates
1515 Broadway, 11th Floor
New York, New York 10036
Office: 212. 684.3933
Direct: 212. 520.4302
Fax: 212. 520.4301
Cell: 203. 246.6919
www.Hantmanlaw.com

Litigation, Entertainment, Real Estate, Fashion, Film, Music, Copyright, Trademark, Intellectual Property, Immigration,
Criminal, Corporate, Matrimonial, International Law, Mergers & Acquisitions, Appeals.

**NOTICE:** *This e-mail message and all attachments transmitted with it may contain legally privileged and confidential
information intended solely for the use of the addressee.  If the reader of this message is not the intended recipient, you
are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments
is strictly prohibited.  If you have received this message in error, please notify the sender immediately by telephone (212-
684-3933) or by electronic mail (rhantman@hantmanlaw.com), and delete this message and all copies and backups
thereof.  Thank you.*

---

**From:** Zachary A. Kozak, Esq.
**Sent:** Wednesday, August 31, 2011 3:03 PM
**To:** 'Lowell, Abbe David'
**Cc:** Robert J. Hantman, Esq. (rhantman@hantmanlaw.com)
**Subject:** RE: Nasso v. Seagal

Mr. Lowell,

Please see below.  Kindly advise if you will be able to once again assist in this matter or if court intervention will be
necessary.

Very truly yours,

Zachary A. Kozak, Esq.

Hantman & Associates
1515 Broadway, 11th Floor
New York, New York 10036
Office: 212. 684.3933

1

Direct: 212. 520.4302
Fax: 212. 520.4301
Cell: 203. 246.6919
www.Hantmanlaw.com

Litigation, Entertainment, Real Estate, Fashion, Film, Music, Copyright, Trademark, Intellectual Property, Immigration, Criminal, Corporate, Matrimonial, International Law, Mergers & Acquisitions, Appeals.

*NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee.  If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited.  If you have received this message in error, please notify the sender immediately by telephone (212-684-3933) or by electronic mail (rhantman@hantmanlaw.com), and delete this message and all copies and backups thereof.  Thank you.*

---

**From:** Zachary A. Kozak, Esq.
**Sent:** Thursday, August 18, 2011 4:10 PM
**To:** 'Lowell, Abbe David'
**Cc:** Robert J. Hantman, Esq. (rhantman@hantmanlaw.com)
**Subject:** Nasso v. Seagal

Mr. Lowell,

Please see the attached correspondence, as Mr. Seagal is once again in default pursuant to the terms of the Settlement Agreement.  A payment in the amount of $50,000 was due on June 21, 2011.  Kindly let us know if you will be able to resolve this matter in a timely fashion, or if we will be required to go back to court.

Also, please note that another payment is due on December 21, 2011.  Accordingly, I would suggest that Mr. Seagal provide our office with a postdated check that we will hold so that we do not have to go through this again in 4 months.

I look forward to your response.

Very truly yours,

Zachary A. Kozak, Esq.

Hantman & Associates
1515 Broadway, 11th Floor
New York, New York 10036
Office: 212. 684.3933
Direct: 212. 520.4302
Fax: 212. 520.4301
Cell: 203. 246.6919
www.Hantmanlaw.com

Litigation, Entertainment, Real Estate, Fashion, Film, Music, Copyright, Trademark, Intellectual Property, Immigration, Criminal, Corporate, Matrimonial, International Law, Mergers & Acquisitions, Appeals.

*NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee.  If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited.  If you have received this message in error, please notify the sender immediately by telephone (212-684-3933) or by electronic mail (rhantman@hantmanlaw.com), and delete this message and all copies and backups thereof.  Thank you.*

# EXHIBIT E

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

10 CV 2277

JUDGE STEIN

| JULIUS R. NASSO | ) |
| --- | --- |
| _____ | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. |
| STEVEN SEAGAL and STEAMROLLER PRODUCTIONS, INC. | ) |
| _____ | ) |
| Defendant | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    Steven Seagal
and
Steamroller Productions, Inc.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    HANTMAN & ASSOCIATES
1515 BROADWAY, 11TH FLOOR
NEW YORK, NY 10036

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

J. MICHAEL McMAHON

*CLERK OF COURT*

Date:    03/16/2010    _____
*Signature of Clerk or Deputy Clerk*

*JUDGE STEIN*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

10 CV 2277

----------------------------------------------------X

JULIUS R. NASSO

                         Plaintiff,

            -against-

STEVEN SEAGAL and STEAMROLLER
PRODUCTIONS, INC.

                      Defendants.

----------------------------------------------------X

CASE NO.

COMPLAINT

RECEIVED
MAR 16 2010
U.S.D.C. S.D.N.Y.
CASHIERS

     JULIUS R. NASSO by his undersigned attorneys, Hantman & Associates, for his complaint, alleges as follows:

<u>INTRODUCTION</u>

1.   This case arises out of Defendants breach of a December 21, 2007 settlement agreement and release ("Agreement") between Julius R. Nasso ("Nasso"), and Steven Seagal ("Seagal") and Steamroller Productions, Inc. ("Steamroller") (collectively referred to as "Defendants") which provided for payments from defendants to Nasso[1] - over a five (5) year period- of which only thirty five thousand dollars ($35,000) has been paid thus far, and one hundred and sixty-five thousand dollars ($ 165,000) is past due and remains outstanding - exclusive of interest and legal fees, and specifically does not include those payments required to be made in the future which, if not paid in a timely manner, will be the subject of future lawsuits.

---

[1] In addition to a letter from Mr. Seagal requesting a pardon for Mr. Nasso.

## BACKGROUND

2. Nasso commenced a lawsuit against Defendants on March 21, 2002 in the Supreme Court of New York, County of Richmond, Index No. 010940/02 and filed an amended complaint on October 26, 2002.

3. By Notice of Removal, dated January 27, 2003, the State Court Action was removed to the United States District Court for the Eastern District of New York, Case No. 03-Civ.-442 (CPS)(RML).

4. Subsequently, on August 30, 2007, Segal and Steamroller, Inc., filed a lawsuit against Nasso in the Supreme Court of New York, County Richmond, Index No. 103381/07.

5. By Notice of Removal, dated September 27, 2007, the State Court Action was removed to the United States District Court for the Eastern District of New York, Case No. 07-Civ.-4055(DLI)(CLP).

6. Nasso and Defendants, in order to settle all litigation between them, agreed to and entered into the December 21, 2007 Agreement, which has since been breached by Defendants and has therefore given rise to this action.

## PARTIES

7. Plaintiff Nasso is an individual who resides in the State of New York.

8. Upon information and belief, Defendant Seagal is an individual who is a resident of the State of California.

9. Upon information and belief, Defendant Steamroller is a California company and is owned and controlled in its entirety by Seagal.

2

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332, because it is a civil action between citizens of different States, where the matter in controversy exceeds the value of $75,000, exclusive of interest and costs.

11. Venue is proper in this District in accordance with the venue selection clause contained in the underlying Agreement.

### FIRST CLAIM
### BREACH OF SETTLEMENT AGREEMENT
### (AGAINST ALL DEFENDANTS)

12. Plaintiff repeats and realleges the allegations set forth in paragraph 1 through 11 above as if set forth fully herein.

13. The terms of the Agreement called for Nasso and Defendants to terminate all existing agreements between them and to cooperate with each other and to forever settle all disputes and claims among them, including the release and dismissal of all claims.

14. Paragraph 2 of the Agreement states that defendant Steamroller agrees to pay Nasso a sum certain as a settlement payment in installments in accordance with the a payment schedule which has been listed in part below:

   a.  Within ninety (90) days from the Execution Date (i.e., by March 20, 2008), Steamroller shall pay to the order of Nasso the sum of Twenty Five Thousand Dollars ($25,000).

   b.  Within one year from the Execution Date (i.e., December 21, 2008), Steamroller shall pay to the order of Nasso the sum of Seventy Five Thousand Dollars ($75,000).

3

c. Within eighteen (18) months from the Execution Date (i.e., by June 21, 2009), Steamroller shall pay to the Order of Nasso the sum of Fifty Thousand Dollars ($50,000).

d. Within two years from the Execution Date (i.e., by December 21, 2009), Steamroller shall pay to the Order of Nasso the sum of Fifty Thousand Dollars ($50,000) – as other payments are due in the future they are not part of this lawsuit.

15. In accordance with paragraph 3 of the Agreement, Nasso shall cause all corporations and other entities containing the names of Seagal and Nasso together, including Seagal-Nasso Productions, Inc., Seagal-Nasso Distribution LLC, and Seagal-Nasso Films, Inc., to be dissolved.

16. Paragraph 2 and 3 of the Agreement were subsequently amended in part as of February 3, 2009 in accordance with Amendment No. 2 to Settlement Agreement and Releases ("Amendment 2") (a true and accurate copy of which is attached hereto as **Exhibit A**), which was prepared by the law firm of McDermott Will & Emery, LLP, attorneys for Defendants along with, upon information and belief, Chadbourne & Park who also represented Defendants.

17. The Amendment was signed and returned by Nasso as was requested and all obligations of Nasso were satisfied.

18. Amendment 2 amended the payment schedule included in paragraph 2 of the Agreement so that Defendant's first payment due would be in the amount of thirty-five thousand dollars ($35,000) and the second payment due would be in the amount of sixty-five thousand dollars ($65,000). (**Exhibit A**)

4

19. Additionally, Amendment 2 amended Nasso's obligations under paragraph 3 of the Agreement, thereby causing Defendants to assume Nasso's obligation under paragraph 3 of the Agreement with respect to the dissolution of Seagal-Nasso Films, Inc., a California corporation, as Nasso had nothing to do with this entity and had no control over its dissolution, as any information relating to this entity was known only to Seagal and, upon information and belief, his business advisor Robert Harabedian, who both reside in California (**Exhibit A**).

20. As of the date of the filing of this complaint, Defendants have breached the Agreement and are in default under the terms of the Agreement and Amendment 2, as Defendants have failed to make three consecutive payments to Nasso in accordance with the terms of paragraph 2(b), (c), (d) of the Agreement and Amendment 2, which amounts to a total of one hundred and sixty-five thousand dollars ($165,000) past due and owing.

21. Nasso is in compliance with, and has fulfilled all of his obligations in accordance with the terms of the Agreement and Amendment 2, as Nasso has caused Seagal-Nasso Productions, Inc., and Seagal-Nasso Distribution, LLC, to be dissolved, as evidenced by the individual Corporate Registration Status of the companies.  True and accurate copies of which are attached hereto as **Exhibit B**).

22. In the event of any failure by Defendants to make a timely payment as set forth in the Agreement, Nasso was required to send notice to Defendants in accordance with paragraph 17 of the Agreement and provide Defendants twenty-four (24) business days to cure same.

5

23. Failure by Defendants to cure any such default within twenty-four (24) business days shall result in the outstanding payment accruing interest thereon at a rate of ten percent (10%) per annum.

24. Nasso has made numerous attempts to contact Defendants and notify them of their failure to make timely payments as required under the terms of the Agreement and Amendment 2, including a January 11, 2010, letter from Hantman & Associates ("Notice of Default"), which was sent to all necessary parties in accordance with paragraph 17 of the Agreement. (A true and accurate copy of the Notice of Default is attached hereto as **Exhibit C**)[2].

25. Despite Nasso's good faith attempts to notify Defendants of their default and provide them with the requisite twenty-four (24) days to cure, over two months time has passed and Defendants have yet to cure said default.

26. Hantman & Associates has been informed via e-mail, by Abbe D. Lowell, Esq. of McDermott Will & Emery, LLP, that he and his firm no longer represent Defendants[3].

27. As a result of Defendants' continuing breach of the Agreement and Amendment 2, Nasso has suffered and continues to suffer harm in the amount of one hundred and sixty-five thousand dollars ($165,000), exclusive of interest, attorney's fees, costs and future required payments.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and grant the following relief against defendants jointly and severally:

---

[2] Earlier notices included, but are not limited to, e-mails dated 12/09/09; 12/27/09; 12/30/09 and 3/02/10. (True and accurate copies of which are attached hereto as **Exhibit D**).

[3] This is not surprising as, upon information and belief, Defendants previous firms of Loeb & Loeb, Schulte Roth & Zabel or Chadbourne & Parke, are in litigation with Mr. Seagal and are owed money by Mr. Seagal and/or Steamroller.

a.  On plaintiff's First Claim, one hundred and sixty-five thousand dollars ($165,000) in accordance with the terms of the Agreement and Amendment 2, plus interest at a rate of 10% per annum calculated from January 25, 2010 and/or the earliest date that that a payment was to be made.

b.  All costs, fees, expenses, including reasonable attorney's fees incurred by the Plaintiff in this action; and

c.  For such other relief as this court may deem just and proper.

Respectfully submitted,

**HANTMAN & ASSOCIATES**

By: Robert J. Hantman, Esq.
1515 Broadway
11th Floor
New York, NY 10036
(212) 684-3933
Fax- (212) 520-4301
www.hantmanlaw.com

New York, New York
Dated: March 15, 2010

7

# EXHIBIT A

AMENDMENT NO. 2
TO
SETTLEMENT AGREEMENT AND RELEASES

AMENDMENT NO. 2 dated as of February 3, 2009 ("Amendment No. 2") to SETTLEMENT AGREEMENT AND RELEASES dated as of December 21, 2007 ("Settlement Agreement") (the Settlement Agreement, as amended hereby and by Amendment No. 1 dated as of September 22, 2008, is hereinafter referred to as the "Agreement") by and among Julius R. Nasso ("Nasso"), individually and as shareholder of Seagal-Nasso Productions, Inc., Seagal-Nasso Distribution LLC and Seagal-Nasso Films, Inc. (collectively, the "Nasso Parties"), and Steven Seagal ("Seagal") and Steamroller Productions, Inc. ("Steamroller") (collectively, the "Seagal Parties").

WITNESSETH:

WHEREAS, the parties desire to amend certain provisions of the Agreement as provided herein.

NOW, THEREFORE, the parties hereto agree as follows:

ARTICLE I

AMENDMENTS TO AGREEMENT

1.1     This Amendment No. 2 amends, restates and supersedes Amendment No. 1 referenced above.

1.2     The Nasso Parties continue to have the obligation to cause the dissolution of all three (3) of the Seagal-Nasso Entities described in Paragraph 3 of the Agreement. Without waiving any rights or remedies available to them and notwithstanding the fact that said obligation has not yet been satisfied, the Seagal Parties shall make the following payments to the Nasso Parties: (i) the first payment pursuant to Paragraph 2 of the Agreement in the amount of $25,000; and (ii) $10,000 against the second payment of $75,000, for a total of $35,000 within ten (10) business days following the execution of this Amendment No. 2 by the Nasso Parties.

1.3     The Seagal Parties, with the cooperation of the Nasso Parties, shall assume the Nasso Parties' obligation in the Agreement to dissolve Seagal-Nasso Films, Inc., a California corporation. In order to accomplish the dissolution, the Seagal Parties shall prepare and file applicable tax and corporate filings in order to place Seagal-Nasso Films, Inc. in a position to be reinstated and subsequently dissolved. The Seagal Parties shall pay one hundred percent (100%) of all of the back taxes, penalties and associated accounting and attorneys' fees necessary to prepare and file such applicable tax and corporate filings. Thereafter, the Seagal Parties shall pay one hundred percent (100%) of all of the fees and associated accounting and attorneys' fees necessary to prepare and file all applications and forms necessary to complete the dissolution of

NASSO PARTIES              SEAGAL PARTIES

1

Seagal-Nasso Films, Inc.  Following the dissolution of Seagal-Nasso Films, Inc., the Seagal Parties shall send to the Nasso Parties copies of all written documentation prepared and filed evidencing the completion of the dissolution of Seagal-Nasso Films, Inc.

1.4    The Nasso Parties shall send to the Seagal Parties copies of all written documentation prepared and filed evidencing the completion of the dissolutions in all applicable jurisdictions of both Seagal-Nasso Productions, Inc. and Seagal-Nasso Distribution LLC as described in Paragraph 3 of the Agreement.  Within ten (10) business days following (i) the receipt by the Seagal Parties from the Nasso Parties of such written documentation to the Seagal Parties' satisfaction, and (ii) the completion of the dissolution of Seagal-Nasso Films, Inc. in all applicable jurisdictions, the Seagal Parties will then deduct, from the second payment to be made to the Nasso Parties pursuant to Paragraph 2 of the Agreement in the amount of $75,000 (less $10,000 payable in accordance with Paragraph 1.2 hereof), fifty percent (50%) of all of the back taxes, penalties and associated accounting and attorneys' fees incurred by the Seagal Parties as specified above, and remit the difference to the Nasso Parties in full satisfaction of such second payment.

1.5    Nasso hereby grants the right and authority to any of the Seagal Parties for the sole and limited purposes of executing any and all applicable tax and corporate filings, forms, returns and applications in connection with the reinstatement and dissolution of Seagal-Nasso Films, Inc. in his name, place and stead and as his attorney-in-fact for such purposes, which power is coupled with an interest and is irrevocable.

## ARTICLE II

### MISCELLANEOUS

2.1  Except as amended by this Amendment No. 2, all other terms and provisions of the Agreement shall continue in full force and effect and unchanged and are hereby reconfirmed in all respects.

2.2  This Amendment No. 2 shall be governed by, and construed in accordance with, the laws of the State of New York.

2.3  This Amendment No. 2 may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.  This Amendment No. 2 may be executed by facsimile and scanned copy by e-mail, and signatures on a facsimile or scanned copy hereof shall be deemed authorized original signatures.

IN WITNESS WHEREOF, the parties have executed this Amendment No. 2 as of the day and year first above written.

Julius R. Nasso, an individual

NASSO PARTIES                SEAGAL PARTIES

2

SEAGAL-NASSO PRODUCTIONS, INC.

By: _____
Julius R. Nasso
Title: _____

SEAGAL-NASSO DISTRIBUTION LLC

By: _____
Julius R. Nasso
Title: _____

SEAGAL-NASSO FILMS, INC.

By: _____
Julius R. Nasso
Title: _____

_____
Steven Seagal, an individual

STEAMROLLER PRODUCTIONS, INC.

By: _____
Steven Seagal, President

NASSO PARTIES            SEAGAL PARTIES

# EXHIBIT B

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through February 26, 2010.

Selected Entity Name: SEAGAL NASSO PRODUCTIONS, INC.
Selected Entity Status Information

**Current Entity Name:** SEAGAL NASSO PRODUCTIONS, INC.
**Initial DOS Filing Date:** JULY 12, 1990
**County:** KINGS
**Jurisdiction:** NEW YORK
**Entity Type:** DOMESTIC BUSINESS CORPORATION
**Current Entity Status:** INACTIVE - Dissolution (Feb 22, 2008)

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
SEAGAL NASSO PRODUCTIONS, INC.
5824 12TH AVE
BROOKLYN, NEW YORK, 11219-4513

**Chairman or Chief Executive Officer**
JULIUS NASSO
5824 12TH AVE
BROOKLYN, NEW YORK, 11219-4513

**Principal Executive Office**
SEAGAL NASSO PRODUCTIONS, INC.
5824 12TH AVE
BROOKLYN, NEW YORK, 11219-4513

**Registered Agent**
NONE

This office does not record information regarding
the names and addresses of officers, shareholders or
directors of nonprofessional corporations except the
chief executive officer, if provided, which would be
listed above. Professional corporations must include
the name(s) and address(es) of the initial officers,
directors, and shareholders in the initial certificate
of incorporation, however this information is not

recorded and only available by viewing the
certificate.

**\*Stock Information**

**# of Shares  Type of Stock  $ Value per Share**
200            No Par Value

\*Stock information is applicable to domestic business corporations.

**Name History**

**Filing Date  Name Type            Entity Name**
JUL 12, 1990  Actual       SEAGAL NASSO PRODUCTIONS, INC.

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New
York State. The entity must use the fictitious name when conducting its activities or business in New
York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results                    New Search

Services/Programs  |  Privacy Policy  |  Accessibility Policy  |  Disclaimer  |  Return to DOS
Homepage  |  Contact Us  |  Web Feedback

Entity Details - Secretary of State, Nevada                                    Page 1 of 1

# SEAGAL-NASSO DISTRIBUTION CO., LLC

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Dissolved | File Date: | 9/01/1998 |
| Type: | Domestic Limited-Liability Company | Entity Number: | LLC5006-1998 |
| Qualifying State: | NV | List of Officers Due: | 9/30/2001 |
| Managed By: | Managers | Expiration Date: | 12/31/2026 |
| NV Business ID: | NV19981050104 | Business License Exp: | |

## Registered Agent Information

| | | | |
|---|---|---|---|
| Name: | GKL RESIDENT AGENTS/FILINGS, INC. | Address 1: | 1000 EAST WILLIAM STREET STE 204 |
| Address 2: | | City: | CARSON CITY |
| State: | NV | Zip Code: | 89701 |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | NV |
| Mailing Zip Code: | | | |
| Agent Type: | Commercial Registered Agent - Corporation | | |
| Jurisdiction: | NEVADA | Status: | Active |

## Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 0 | Capital Amount: | $ 0 |
| No stock records found for this company | | | |

## Officers                                          ☐Include Inactive Officers

| | | | |
|---|---|---|---|
| Managing Member - SEAGAL-NASSO FILMS INC, A CA CORP | | | |
| Address 1: | 3550 WILSHIRE BLVD., #840 | Address 2: | |
| City: | LOS ANGELES | State: | CA |
| Zip Code: | 90010 | Country: | |
| Status: | Active | Email: | |

## Actions\Amendments

| | | | |
|---|---|---|---|
| Action Type: | Articles of Organization | | |
| Document Number: | LLC5006-1998-001 | # of Pages: | 1 |
| File Date: | 9/01/1998 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | LLC5006-1998-004 | # of Pages: | 1 |
| File Date: | 8/30/1999 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | LLC5006-1998-002 | # of Pages: | 1 |
| File Date: | 8/07/2000 | Effective Date: | |
| List of Officers for 2000 to 2001 | | | |
| Action Type: | Dissolution | | |
| Document Number: | LLC5006-1998-003 | # of Pages: | 1 |
| File Date: | 10/29/2001 | Effective Date: | |
| (1)PG. JEP | | | |

# EXHIBIT C

**HANTMAN & ASSOCIATES**
ATTORNEYS AT LAW
1515 Broadway
11TH FLOOR
NEW YORK, NEW YORK 10036
(212) 684-3933
FAX  (212) 520-4301
www.Hantmanlaw.com

ROBERT J. HANTMAN*◻^
CARLOS M. CARVAJAL*
ZACHARY A. KOZAK*◻
KANO MITCHELL*

*New York Bar
◻New Jersey Bar
^Also admitted to Pennsylvania and Florida Bars

NEW JERSEY OFFICE:
JOSEPH J. FERRARA
OF COUNSEL
111 PATTERSON AVENUE
HOBOKEN, NEW JERSEY  07030
TEL.: (201) 798-5010
FAX: (201) 798-5070

January 11, 2010

<u>Via Fed Ex</u>

Mr. Steven Seagal
c/o Steamroller Productions, Inc.
1438 North Gower Street
Building 70, Room 222
Hollywood, CA 90028

     Re:   Nasso v. Seagal

Dear Mr. Seagal

     In accordance with the enclosed settlement agreement ("Agreement") dated September 21, 2007; this letter shall constitute notice pursuant to paragraph 17 of the Agreement.

     As reflected in a number of e-mails directed to your previous counsel, Abbe Lowell, and reiterated herein, YOU ARE IN DEFAULT and have been in default since last June under the terms of the Agreement.  Unless you have records to prove otherwise we believe that you owe Jules Nasso, pursuant to paragraph 2 of the Agreement, one hundred thousand ($100,000.00) dollars payable immediately and which sum is seriously past due.

     You are also responsible for all legal fees resulting from your default. Therefore please remit immediately one hundred and one thousand five hundred ($101,500.00) dollars to our firm's trust account per the attached wire instructions.  In the event we do not receive full payment from you within the time provided in the Agreement, we will have no alternative but to initiate our client's remedies pursuant to the terms of the Agreement.

     Our client reserves all of his rights and remedies and this letter is not intended to be a fully exhaustive or detailed account of your defaults.

     Are you still represented by counsel? If so, who?  Please contact me should you have any questions regarding this matter.

Very truly yours,
Hantman & Associates

Robert J. Hantman

Cc: Abbe D. Lowell, Esq.
    Eric Przybylko, Esq.
    Julius Nasso

2

# EXHIBIT D

**From:** Robert J. Hantman, Esq.
**Sent:** Wednesday, December 09, 2009 12:03 PM
**To:** Abbe David Lowell (adlowell@mwe.com)
**Subject:** Nasso Seagal URGENT PAYMENT DUE

Know you are very busy with "Bruno" – not the movie- and Steve is now a Reality TV star but please don't forget that Stevens next payment is due soon – the end of December.  Please have the payment sent to Jules directly or emailed to me as in the past if more convenient. Regards

p.s I am in Bolivia now and then going to Paraguay. Any one you want me to meet on your behalf ?

Robert J. Hantman, Esq.
Hantman & Associates
Member, NY, NJ, Fla., and Pa. Bars
1515 Broadway 11th Floor
New York, New York 10036
rhantman@hantmanlaw.com
Office: 212. 684.3933
Direct: 212. 520 4300
Cell:   917. 693 7444
Fax:    212. 520.4301
www.Hantmanlaw.com

Litigation, Entertainment, Fashion, Film, Music, Copyright, Trademark, Intellectual Property, Immigration, Criminal, Corporate, Real Estate, Matrimonial, International Law, Mergers & Acquisitions, Appeals.

-----Original Message-----
From: Robert J. Hantman, Esq.
Sent: Monday, December 28, 2009 7:40 PM
To: adlowell@mwe.com
Subject: Re: Reminder Seagal $ due. Second Reminder. Exhibit to any future filing as proof of notice.

Should I e mail Steven wire instructions? He can wire funds directly to jules account if he prefers. Thxs Robert J. Hantman, Esq.
Hantman & Associates
1515 Broadway, 11th Floor
New York, New York 10036
Office: 212. 684.3933
Fax: 212. 520.4301
Cell: 917.693.7444
www.Hantmanlaw.com
Litigation, Entertainment, Fashion, Film, Music, Copyright, Trademark,
Intellectual Property, Immigration, Criminal, Corporate, Real Estate,
Matrimonial, International Law, Mergers & Acquisitions, Appeals.

----- Original Message -----
From: Lowell, Abbe David <ADLowell@mwe.com>
To: Robert J. Hantman, Esq.
Sent: Mon Dec 28 17:04:55 2009
Subject: RE: Reminder Seagal $ due. Second Reminder. Exhibit to any future filing as proof of notice.

He has had no need for an attorney is quite some time, I think. So, I am not currently doing anything for him.

-----Original Message-----
From: Robert J. Hantman, Esq. [mailto:rhantman@hantmanlaw.com]
Sent: Monday, December 28, 2009 4:51 PM
To: Lowell, Abbe David
Subject: Re: Reminder Seagal $ due. Second Reminder. Exhibit to any future filing as proof of notice.

Do you still represent Steven ? Regards and thanks.
Robert J. Hantman, Esq.
Hantman & Associates
1515 Broadway, 11th Floor
New York, New York 10036
Office: 212. 684.3933
Fax: 212. 520.4301
Cell: 917.693.7444
www.Hantmanlaw.com
Litigation, Entertainment, Fashion, Film, Music, Copyright, Trademark,
Intellectual Property, Immigration, Criminal, Corporate, Real Estate,
Matrimonial, International Law, Mergers & Acquisitions, Appeals.

----- Original Message -----

From: Lowell, Abbe David <ADLowell@mwe.com>
To: Robert J. Hantman, Esq.
Sent: Mon Dec 28 15:00:42 2009
Subject: Re: Reminder Seagal $ due. Second Reminder. Exhibit to any future filing
as proof of notice.

I passed it on

----- Original Message -----
From: Robert J. Hantman, Esq. <rhantman@hantmanlaw.com>
To: Lowell, Abbe David
Cc: juliusrnasso@aol.com <juliusrnasso@aol.com>
Sent: Mon Dec 28 11:29:07 2009
Subject: Fw: Reminder Seagal $ due. Second Reminder. Exhibit to any future filing
as proof of notice.

THIRD REMINDER. LEGAL FEES START NOW THX Robert J. Hantman, Esq.
Hantman & Associates
1515 Broadway, 11th Floor
New York, New York 10036
Office: 212. 684.3933
Fax: 212. 520.4301
Cell: 917.693.7444
www.Hantmanlaw.com
Litigation, Entertainment, Fashion, Film, Music, Copyright, Trademark,
Intellectual Property, Immigration, Criminal, Corporate, Real Estate,
Matrimonial, International Law, Mergers & Acquisitions, Appeals.

----- Original Message -----
From: Robert J. Hantman, Esq.
To: adlowell@mwe.com <adlowell@mwe.com>
Cc: juliusrnasso@aol.com <juliusrnasso@aol.com>
Sent: Sun Dec 27 11:40:22 2009
Subject: Reminder Seagal $ due. Second Reminder. Exhibit to any future filing  as
proof of notice.

Happy Holidays. I have Stevens contact info should you need it. If you no longer
represent him let me know ASAP and provide name of new counsel or I can contact
him directly. Thank You

Robert J. Hantman, Esq.
Hantman & Associates
1515 Broadway, 11th Floor
New York, New York 10036
Office: 212. 684.3933
Fax: 212. 520.4301
Cell: 917.693.7444
www.Hantmanlaw.com
Litigation, Entertainment, Fashion, Film, Music, Copyright, Trademark,
Intellectual Property, Immigration, Criminal, Corporate, Real Estate,
Matrimonial, International Law, Mergers & Acquisitions, Appeals.

-----Original Message-----
From: Robert J. Hantman, Esq.
Sent: Wednesday, December 30, 2009 10:05 AM
To: Abbe David Lowell (adlowell@mwe.com)
Cc: Zachary A. Kozak, Esq.
Subject: FW: payments due under C and D unless Steven has paid Jules without our
knowledge. thanks rjh

Jules has only received $ 35,000 so C and D are owed. We are contacting Steven
directly in accordance with the Notice Provision in the Settlement Agreement. I
also have his home number but will only call him with your permission, to simply
remind him of his obligations. If we do not hear from him or you we will have no
alternative but to seek those remedies provided in the settlement Agreement.
Thanks

Robert J. Hantman, Esq.
Hantman & Associates
Member, NY, NJ, Fla., and Pa. Bars
1515 Broadway 11th Floor
New York, New York 10036
rhantman@hantmanlaw.com
Office: 212. 684.3933
Direct: 212. 520 4300
Cell:    917. 693 7444
Fax:     212. 520.4301
www.Hantmanlaw.com

Litigation, Entertainment, Fashion, Film, Music, Copyright, Trademark,
Intellectual Property, Immigration, Criminal, Corporate, Real Estate,
Matrimonial, International Law, Mergers & Acquisitions, Appeals.


-----Original Message-----
From: juliusrnasso@aol.com [mailto:juliusrnasso@aol.com]
Sent: Wednesday, December 30, 2009 9:51 AM
To: Robert J. Hantman, Esq.; adlowell@mwe.com
Cc: Zachary A. Kozak, Esq.
Subject: Re: payments due under C and D unless Steven has paid Jules without our
knowledge. thanks rjh

Dear Robert, Only money recieved was 35K last year have not received anything
this year.

Thank you.  Please let me know if you are aware of someone that we should contact directly with respect to this matter.

Very truly yours,

Zachary A. Kozak, Esq.

Hantman & Associates
1515 Broadway, 11th Floor
New York, New York 10036
Office: 212. 684.3933
Direct: 212. 520.4302
Fax: 212. 520.4301
Cell: 203. 246.6919
www.Hantmanlaw.com

Litigation, Entertainment, Real Estate, Fashion, Film, Music, Copyright, Trademark, Intellectual Property, Immigration, Criminal, Corporate, Matrimonial, International Law, Mergers & Acquisitions, Appeals.

NOTICE: *This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee.  If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited.  If you have received this message in error, please notify the sender immediately by telephone (212-684-3933) or by electronic mail (rhantman@hantmanlaw.com), and delete this message and all copies and backups thereof.  Thank you.*

---

**From:** Lowell, Abbe David [mailto:ADLowell@mwe.com]
**Sent:** Tuesday, March 02, 2010 1:00 PM
**To:** Zachary A. Kozak, Esq.
**Subject:** RE: Nasso/Seagal Settlement Payments

I will attempt to send this on;  at the present, I am not serving as Mr. Seagal's counsel.

> **From:** Zachary A. Kozak, Esq. [mailto:zkozak@hantmanlaw.com]
> **Sent:** Tuesday, March 02, 2010 12:49 PM
> **To:** Lowell, Abbe David
> **Cc:** juliusrnasso@aol.com; Robert J. Hantman, Esq.
> **Subject:** Nasso/Seagal Settlement Payments
>
> Mr. Lowell,
>
> Attached please find copies of the original settlement agreement between Mr. Nasso and Mr. Seagal, Amendment No. 2 to the agreement and current registration status of the three companies referred to in the agreement and amendment.  In accordance with paragraph 1.3 of Amendment No. 2, Mr. Nasso was to be responsible for the dissolution of Seagal Nasso Productions, Inc. and Seagal-Nasso Distribution Co., LLC, while Mr. Seagal was to be responsible for the dissolution of Seagal-Nasso Films, Inc.
>
> As you can see from the attached documentation, Mr. Nasso has fulfilled his obligation and dissolved Seagal Nasso Productions, Inc. and Seagal-Nasso Distribution Co., LLC; however, Mr. Seagal has yet to fulfill his obligation and dissolve Seagal -Nasso Films, Inc.

Accordingly, Mr. Seagal continues to remain in default under the terms of the attached settlement agreement and should immediately remit full payment of the past due payments in the amount of one hundred thousand ($100,000.00) dollars.

Once again, please note that if we do not receive full payment from Mr. Seagal we will have no alternative but to initiate our client's remedies pursuant to the terms of the settlement agreement.

Naturally, this letter is not intended to be fully exhaustive and our client reserves all of his rights and remedies.

Should you wish to discuss this matter further, please contact Mr. Hantman directly at (917) 693-7444.

Very truly yours,

Zachary A. Kozak, Esq.

Hantman & Associates
1515 Broadway, 11th Floor
New York, New York 10036
Office: 212. 684.3933
Direct: 212. 520.4302
Fax: 212. 520.4301
Cell: 203. 246.6919
www.Hantmanlaw.com

Litigation, Entertainment, Real Estate, Fashion, Film, Music, Copyright, Trademark, Intellectual Property, Immigration, Criminal, Corporate, Matrimonial, International Law, Mergers & Acquisitions, Appeals.

**NOTICE:** *This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (212-684-3933) or by electronic mail (rhantman@hantmanlaw.com), and delete this message and all copies and backups thereof. Thank you.*